SARAH H. DELA, in equity, *vs.* EDWIN L. STANWOOD and others.

*Revenue stamp.  Foreclosure—description in notice of.*

The assignment of a mortgage of real estate, in October, 1863, not stamped as then required by the laws of the United States, is not, therefore, void, unless it appear that the stamp was omitted with intent to defraud the revenue.

A recital that, "On the 22d day of June, 1850, Lewis Dela, of Portland, mortgaged to the undersigned certain property particularly described in the deed, situated at the corner of Fore and India streets, in said city," is not a sufficient description of the premises in a notice of foreclosure, under R. S. of 1841, c. 125, § 5. [Same as R. S., c. 90, § 5].

Prior to Acts of 1863, c. 215, incorporated into R. S., c. 103, § 6, a minor *feme covert* could not bar her right to dower by joining in the execution of her husband's deed for that purpose; such deed was voidable by her on attaining her majority.

That Act (c. 215) could not defeat the existing right of a widow to dower.

BILL IN EQUITY, heard on bill, answer and proofs.

The bill alleges substantially, that on Nov. 5, 1850, the complainant was married to Lewis Dela, who died June 12, 1861; that at the time of marriage her husband owned the right in equity to redeem certain land on the north-westerly corner of Fore and India streets, in Portland, from a mortgage of one-half of said land in common and undivided, given by his father, John Dela, to Josiah Pennell, Oct. 23, 1844, to secure a note for $350; also from another mortgage of the whole of same premises given by her husband June 22d, 1850, to Neal Dow, to secure a note of $1200, in which property, subject to said mortgages, she, as widow of Lewis Dela, is entitled to dower.

That Dow made an ineffectual attempt to foreclose the mortgage to him, which afterwards, through several assignments, came to the respondents.

That Josiah Pennell made a pretended assignment of John Dela's mortgage to him, to one G. B. Chandler, who made a pretended assignment thereof (which was, in fact void) to the respondents.

That the two mortgages have no longer any validity, because Chandler and the respondents have been in possession for ten years, taking the rents and profits, which have amounted to more than enough to discharge them.

That the complainant demanded in writing, of the respondents, an account at a time named; that they unreasonably neglected and refused to account.

Prayer, for answer and for an account, and that she may have leave to redeem, offering to pay what is equitably due from her, that she may be let in to her dower.

The respondents, in their answer, set up a deed of warranty of the premises from Lewis Dela to Jabez C. Woodman (under whom respondents claim title), dated January 24, 1851, which purported to be executed by the complainant, to release her dower, but she denied the genuineness of the signature. This question became immaterial in the view the court took of the law, it being admitted that at the date of this deed Mrs. Dela was a minor. The answer claimed a foreclosure of both mortgages. The defendants say they have never taken rents and profits under any title accruing under either mortgage, but did so after Oct. 7, 1863, under a mortgage of the land from George A. Thayer to George B. Chandler, that day assigned to them. The Pennell mortgage was assigned to respondents Oct. 9, 1863, more than $100 being then due thereon, and the assignment only bore a twenty-cent U. S. Int. Revenue stamp, instead of the fifty-cent one, required by law. This mortgage to Pennell was foreclosed in accordance with statutory provisions on that subject.

*J. D. & F. Fessenden*, solicitors for complainant.

1. Plaintiff's uncontradicted testimony is that she never released her dower; but even if she joined in executing the deed to Woodman, it would be inoperative, as she was then a minor. *Adams v. Palmer*, 51 Maine, 480.

2. Dowress entitled to maintain bill to redeem. R. S. of 1841, c. 94, § 15. *Barbour* v. *Barbour*, 46 Maine, 9; *Campbell* v.

Dela *v.* Stanwood.

*Knight,* 27 Maine, 331; *Simonton* v. *Gray,* 34 Maine, 50; *Gibson* v. *Crehore,* 5 Pick. 158.

3. Dow's mortgage not legally foreclosed. R. S. of 1841, c. 125, § 5; *Morris* v. *Day,* 37 Maine, 386; *Stanwood* v. *Reade,* 7 Hill, 431; *Peck* v. *Hapgood,* 10 Met. 172; *Pease* v. *Benson,* 28 Maine, 352; *Storer* v. *Little,* 41 Maine, 73; *Freeman* v. *Atwood,* 50 Maine, 473.

4. Pennell's mortgage not legally foreclosed because the assignment was void for want of the proper stamp. To foreclose a mortgage, one must have the legal record title thereto. *Reed* v. *Elwell,* 46 Maine, 270; *Dwinell* v. *Perley,* 32 Maine, 197; *Smith* v. *Kelley,* 27 Maine, 337; *Stone* v. *Locke,* 46 Maine, 445; *Douglass* v. *Durin,* 51 Maine, 121.

This mortgage had been paid by perception of the rents and profits under it. *Gibson* v. *Crehore,* 5 Pick. 146, 158; *Saunders* v. *Frost,* 5 Pick. 259; *Gordan* v. *Lewis,* 2 Sumn. 146.

This extinguishes power to foreclose. Hill. on Mort., c. 16; *Cameron* v. *Erwin,* 5 Hill, 276.

*Wm. L. Putnam,* for respondents.

In *Adams* v. *Palmer,* 51 Maine, 481, the widow had annulled her release by action of dower brought before Act of 1863, c. 215, was passed, whereas Mrs. Dela did not avoid her deed till her demand, in 1867. 1 Pars. on Cont. 322; *Worcester* v. *Eaton,* 13 Mass. 374–5; *Chadbourne* v. *Rackleff,* 30 Maine, 361.

This act was a confirmatory statute, not merely constitutional, but just and beneficial. Dow's certificate sufficiently shows date of publication of notice to foreclose his mortgage. *Chase* v. *Savage,* 55 Maine, 543.

Chandler and respondents held premises under mortgage of Thayer to them on account of money loaned him ($8,330) on this property. Though respondents could not profit by buying incumbrances against Thayer, so long as he held the equity, they were at liberty to foreclose as to Dela and wife. *Savage* v. *Hall,* 12 Gray, 363; *Davis* v. *Witherell,* 13 Allen, 62.

DICKERSON, J.   Bill in equity for the redemption of two mortgages; presented on bill, answer, and proofs.

Lewis Dela, late husband of the plaintiff, was the owner of the right in equity to redeem one-half of the described premises during coverture, from a mortgage given by his father, John . Dela, to Josiah Pennell, Oct. 3, 1844, and also of the right to redeem the whole property from a mortgage given by himself to Neal Dow, June 22,.1850.

The plaintiff, by this bill, seeks to redeem both these mortgages, or her interest therein, in order that she may have her dower in the premises.

The defendants claim that both these mortgages were foreclosed before the filing of this bill.   The case finds that there was a foreclosure of the Pennell mortgage, for breach of conditions, by public advertisement, in accordance with the requirements of the statute, on the 29th day of October, 1863, if the assignee of the mortgage, who instituted the proceedings, had a valid assignment of it.   The assignment to him appears to have been given for a valuable consideration, and was stamped with a twenty-cent U. S. Internal Revenue stamp, duly cancelled.

The value of the property sought to be conveyed by the assignment of the mortgage, exceeded a hundred dollars, and, by the laws of the United States, a fifty-cent stamp, at least, should have been affixed to the assignment.   Chap. 119 of the Laws of the United States, §§ 94, 95, and schedule B.   But as there does not appear to have been any intent to defraud the government by the use of an insufficient stamp, the assignment was not rendered invalid on that account.   *Greene* v. *Holway*, 101 Mass. 244.

The attempted foreclosure of the Dow mortgage was by advertising in a public newspaper, on the 22d day of June, 1850, under R. S. of 1841, c. 125, § 5.

The description of the premises in the notice of foreclosure, is as follows: "On the 22d day of June, 1850, Lewis Dela, of Portland, mortgaged to the undersigned, certain property particularly described in the deed, situated at the corner of Fore and India streets,

Dela *v.* Stanwood.

in said city." We do not think that this description is sufficient. It does not state what corner of the streets named is intended; nor does it refer to any record in which the premises are more particularly described, or by which they may be identified. In order to make the notice of any service to those who may be interested to know what premises the mortgage covers, it should afford them the information necessary to enable them to identify the property with reasonable certainty. We think that the notice under consideration is not sufficient for this purpose.

The position of the plaintiff's counsel that the Pennell mortgage had been extinguished by the rents and profits, received before the assignment and proceedings for foreclosure, does not appear to be supported by the evidence and the law applicable thereto.

From the view we have taken of this case, it is unnecessary to decide the question of the genuineness of the plaintiff's alleged signature to the deed of the premises conveyed by her husband, January 24, 1851, since she was then a minor, and the deed would be voidable as to her, if she signed it. She acquired an inchoate right of dower in the premises, previous to the Act of 1863, c. 215, and cannot be divested of such preëxistent right by that statute. *Adams* v. *Palmer,* 51 Maine, 496.

The defendants must account for the rents and profits received by them on the Dow mortgage, and the case must go to a master in chancery for a hearing and statement of account.

> *Bill sustained with costs for plaintiff.*
> *Pennell mortgage foreclosed. Dow*
> *mortgage not foreclosed. Complainant*
> *held entitled to redeem Dow mortgage.*
> *Master to be appointed.*

Appleton, C. J.; Kent, Walton, Danforth, and Barrows, JJ., concurred.